CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 04, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAKA SHAKUR,  )  | |
|    Plaintiff,  ) | Civil Action No. 7:23-cv-00825 |
|   ) | |
| v.  ) | |
|   ) | |
| M. BRINEGAR, *et al.*,  ) | By: Elizabeth K. Dillon |
|    Defendants.  ) | Chief United States District Judge |

**MEMORANUM OPINION AND ORDER**

On May 1, 2024, the court issued an order directing plaintiff to provide an address for service on one of the defendants, Officer Accord. (Dkt. No. 23.) The court ordered plaintiff to provide an address within thirty days and warned that failure to comply would result in any claims against Officer Accord being dismissed without prejudice. (*Id.*) Plaintiff has failed to comply with the court's order. Accordingly, it is hereby ORDERED that plaintiff's claims against defendant Officer Accord are DISMISSED without prejudice, and Officer Accord is terminated as a defendant in this action.

Also before the court is plaintiff's motion for default judgment. (Dkt. No. 35.) Defendants filed a motion to dismiss in a timely manner (Dkt. No. 24), but as plaintiff notes in his motion, the motion was a partial motion to dismiss that only addressed one of plaintiff's three claims in his complaint. Defendants respond that new counsel was substituted after the motion was filed and the new counsel did not realize that the motion was only a partial motion to dismiss. (Dkt. No. 36.) Thus, defendants oppose the motion for default judgment and request leave to file an answer to the remaining claims in plaintiff's complaint. (Dkt. No. 36.)

Defendants are not in default because the time to respond or otherwise plead is stayed by the partial motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4). It is "common practice to stay the

filing of the answer pending resolution of even a partial motion to dismiss." *Kyle v. Brennan*, No. 17 C 3649, 2017 WL 11846487, at *2 n.4 (N.D. Ill. Oct. 16, 2017) (citing 5B Wright & Miller Fed. Practice. § 1346 (3d ed.) ("It is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading . . . . [But] the weight of the limited authority on this point is to the effect that the filing of a motion that addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").)

Even if the time were not stayed, the court finds that there would be good cause to excuse defendants' alleged default or to set aside a default judgment because of the change in counsel and defendants' quick response to the motion for default judgment. *See* Fed. R. Civ. P. 55(c) (providing that the court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)"); Fed. R. Civ. P. 60(b)(1), 60(c)(1) (providing that a judgment can be set aside based on mistake or excusable neglect if the motion is made within a reasonable time).

Accordingly, and because defendants are not in default, it is HEREBY ORDERED that plaintiff's motion for default judgment (Dkt. No. 35) is DENIED.

The Clerk is directed to send a copy of this order to plaintiff and to all counsel of record.

Entered: September 4, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge