CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 27, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAKA SHAKUR, ) | |
|     Plaintiff, ) | Civil Action No. 7:23-cv-00825 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| M. BRINEGAR, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Shaka Shakur, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a partial motion to dismiss (Dkt. No. 24), and Shakur responded (Dkt. Nos. 31, 31-1). The partial motion to dismiss will be granted as to Shakur's Claim Three, regarding a due process violation and denied as to the request to dismiss the monetary claims for relief committed by defendants in their official capacities because defendants request relief for persons who are not parties in this case.

I. BACKGROUND

In his verified complaint, Shakur alleges claims for excessive force and unlawful restraint in connection with his transfer from Green Rock Correctional Center to River North Correctional Center on December 21, 2021. (Compl. ¶ 11, Dkt. No. 1.) He also alleges that officers damaged his personal television when it was transported and that his television was operational when he left Green Rock but had a cracked screen and did not work when he arrived at River North. (*Id.*) Shakur has sued officers Brinegar, Fender, and Sherwood, Sergeants Crawford and Towler, Lieutenant May, and Warden Anderson.[1] Defendants only move to dismiss the due process

---

[1] Plaintiff also sued Officer Acord, who was dismissed because he could not be served.

claim (Claim Three) regarding the damaged television and to dismiss any claims for monetary damages as to defendants in their official capacities.

In his response to the motion to dismiss, Shakur notes an error in the certificate of service, which provides the wrong date and states that a different person was served with defendants' motion. (*See* Dkt. No. 31 at 2; Dkt. No. 25 at 7.) Defendants remedied that error and filed an amended certificate noting service by hand-delivery on Shajur on May 8, 2024. (Dkt. No. 27.) Shakur filed his response to the motion on May 28, 2024. (Dkt. No. 31.)

## II. ANALYSIS

### A. Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## B. Defendants Seek to Dismiss Official Capacity Claims Against Non-parties

Defendants move to dismiss Shakur's claims to the extent that they seek damages against them in their official capacities.  However, in their memorandum in support of their motion, they state that "Defendants Clarke and Amonette in their official capacities are immune from suit" and ask that claims against them be dismissed.  (Dkt. No. 25, page 4.)  Clarke and Amonette, however are not defendants in this case.  Because Clarke and Amonette are not defendants in this case, the court will deny the partial motion to dismiss as to this request.

## C. Shakur Has Failed to State a Claim for Violation of Due Process

The Due Process Clause of the Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  To state a procedural due process violation, a plaintiff must identify a protected liberty or property interest and demonstrate deprivation of that interest without due process of law.  *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).  It is "well settled" that allegations of prison officials intentionally or negligently depriving an inmate of his property do not state a due process violation of "a meaningful post-deprivation remedy for the loss is available."  *Keen v. SVRJA*, Civil Action No. 7:22cv00102, 2023 WL 2042482, at *2 (W.D. Va. Feb. 16, 2023) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)).

Here, Shakur's allegations do not establish that he was denied due process because he had adequate post-deprivation remedies that were available to him: the inmate grievance procedure and the Virginia Tort Claims Act. *See id.*; *Balance v. Clarke*, No. 7:15cv645, 2017 WL 1169747, at *7 (W.D. Va. Mar. 28, 2017) (explaining that grievance procedures provided an adequate post-deprivation remedy); *Wadhams v. Procunier*, 772 F.2d 75, 77–78 (4th Cir. 1985) (VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees). Shakur does not allege that he did not have such remedies; thus, he has failed to state a claim.[2]

For these reasons, Shakur's due process claim will be dismissed.

### III.  CONCLUSION

The court will grant in part and deny in part the partial motion to dismiss in an appropriate order.

Entered: March 27, 2025

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[2] Shakur's response to the motion does not address defendants' argument regarding due process. Instead, Shakur just notes that he thinks defendants are confused because they cited to a RLUIPA case. (Dkt. No. 31.) Shakur, however, takes that citation out of context.